IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **KENYA M. SHEARD** | * |
| Plaintiff, | * |
| v. | *   Civil No. **PJM 11-3082** |
| **BANK OF AMERICA, N.A., et al** | * |
| Defendants. | * |

## MEMORANDUM OPINION

*Pro se* Plaintiff Kenya Sheard has sued Defendants Bank of America, N.A., and BAC Home Loan Servicing, LP (collectively "BOA"),[1] alleging fraud, conspiracy, unfair and deceptive trade practices, violations of the Maryland Consumer Protections Act, and other counts related to her unsuccessful efforts to obtain a mortgage loan modification. On November 3, 2011, BOA filed a Motion to Dismiss, to which Sheard has failed to respond. For the following reasons, the Court **GRANTS** BOA's Motion.

**I.**

The facts viewed in the light most favorable to Sheard are as follows:

The United States Treasury Department implemented the Home Affordable Modification Program ("HAMP") to provide affordable mortgage loan modifications and other alternatives to foreclosure to eligible borrowers. On April 17, 2009, BOA signed a Servicer Participation Agreement with the U.S. Treasury, agreeing to comply with all HAMP requirements and guidelines. Pursuant to these guidelines, BOA first identifies those loans, either through its own review or in response to requests from the homeowners, which may be eligible for a

---

[1] BAC Home Loan Servicing merged into Bank of America, effective July 1, 2011. Accordingly, Bank of America is the only Defendant in this case, in its own capacity and in its capacity as successor to BAC Home Loan Servicing.

1

modification. If after collecting financial and other personal information BOA finds that the borrower qualifies, it may offer a three-month Trial Period Plan ("TPP") during which time the borrower makes reduced monthly payments. Finally, if the borrower satisfies the TPP requirements, BOA may then offer a permanent loan modification.

In May 2007, Kenya Sheard purchased a property in Upper Marlboro, Maryland with a mortgage executed by BOA. In 2009, she stopped making mortgage payments, and in early 2011, she sought a HAMP loan modification from BOA. On or about April 4, 2011, Sheard received a HAMP application and approximately two weeks later completed and submitted the required documentation to BOA. Sheard's application packet did not include a Profit and Loss Statement and 2010 tax documents, which were unavailable at the time, but she submitted those documents at a later date. On April 19, 2011, BOA confirmed that it had received her HAMP application.

A few days later, however, Sheard received a notice from BOA indicating that several required documents were still missing and therefore she was ineligible to participate in HAMP. Sheard takes issue with the notice, alleging that she had in fact provided all the necessary documents. According to Sheard, BOA lost her paperwork on multiple occasions and engaged in various obstruction tactics when she attempted to resolve purported problems with her application. Sheard claims that she spoke with BOA representatives on several occasions, and each time a representative gave her a different explanation as to why her loan modification had been rejected. BOA, according to her, "systematically acted with carelessness, recklessness, negligence, bad faith, breach of care, breach of duty, breach of good faith and fair dealing, gross negligence and with deliberate indifference in its . . . efforts or attempt to modify" her loan.

On September 14, 2011, Sheard filed the instant suit in Prince George's County Circuit Court, seeking $1 million in damages.[2]  The Complaint consists of eleven Counts: Civil Conspiracy to Defraud (Count I), Unfair and Deceptive Trade Practices (Count II), Aiding and Abetting Fraud (Count III), Fraudulent and Intentional Misrepresentations & Negligence (Count IV), Unjust Enrichment (Count V), Civil Conspiracy (Count VI), Violation of the Maryland Consumer Protections Act Section 13-301, *et seq.* (Count VII), Commercial Loan Servicer Violations of Suppression (Count VIII), Breach of Duty, Care & Trust (Count IX), Breach of Good Faith and Fair Dealing (Count X), and Mental Anguish, Emotional Distress and Psychological Trauma Resulting in PTSD (Count XI).  BOA removed the case to this Court on October 28, 2011, and on November 3, 2011, filed a Motion to Dismiss for failure to state a claim.  Despite ample time and opportunity, Sheard has never responded, and the Court considers BOA's Motion without a response from her.

**II.**

In evaluating a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the "court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff . . . ." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).  But the court need not accept as true "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." *Id*.  There must be "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  The complaint must contain sufficient well-pled facts to "state a claim to relief that is plausible on its

---

[2] Sheard has filed two previous actions against BOA, both of which were dismissed. Most recently, the Court dismissed a case in which Sheard claimed that BOA no longer owned the promissory note she signed when she obtained the mortgage loan from BOA in 2007. *See Sheard v. Bank of America, N.A., et al*, No. PJM-10-2963, 2011 WL 3158035  (D. Md. July 25, 2011).  Sheard has also twice filed for bankruptcy protection and has a pending Chapter 13 petition.

face." *Twombly*, 550 U.S. at 570. The factual allegations must "permit the court to infer more than the mere possibility of misconduct." *Iqbal,* 129 S. Ct. at 1950. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

A plaintiff proceeding *pro se* is held to a "'less stringent'" standard than a lawyer, and the court must construe her claims liberally, no matter how "'inartfully pleaded.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nonetheless, even a *pro se* plaintiff is not exempt from the requirement that her complaint contain more than mere "'labels and conclusions'" or "'a formulaic recitation of the elements of [a] cause of action.'" *Walden v. Allstate Ins. Co.*, 388 F. Appx 223, 224 (3d Cir. 2010) (quoting *Twombly*, 550 U.S. 555).

### III.

#### A.

Sheard alleges that BOA failed to follow HAMP procedures when evaluating her loan modification application and then, contrary to HAMP guidelines, refused to modify her mortgage loan. BOA counters that HAMP does not create a private cause of action for borrowers such as Sheard and that the Complaint should be dismissed. The Court agrees with BOA.

It is well-established that no private cause of action exists under HAMP for alleged violations of the servicing guidelines. *See Ramos v. Wells Fargo Home Mortg., et al.*, No. 11-cv-03130-AW, 2012 WL 261308, at *3 (D. Md. Jan. 26, 2012); *Coulibaly, et al. v. J.P. Morgan Chase Bank, N.A., et al.*, No. DKC 10-3517, 2011 WL 3476994, at *11 (D. Md. Aug. 8, 2011); *Allen v. CitiMortgage, Inc.*, No. CCD-10-2740, 2011 WL 3425665, at *8 (D. Md. Aug. 4, 2011).

Individual borrowers are not parties to HAMP agreements and are not the intended beneficiaries. *See Allen*, 2011 WL 3425665, at *7.

Here, all eleven counts in the Complaint concern BOA's purported failure to follow the HAMP guidelines. Sheard asserts that BOA lost her paperwork and engaged in various delaying and obstruction tactics related to her HAMP application, and as a result, found her ineligible to participate in the Program. Sheard never asserts that BOA entered into a TPP with her and then manufactured reasons to deny her a permanent loan modification. *Cf. Stovall v. Sun Trust Mortg., Inc.*, No. RDB-10-2836, 2011 WL 4402680, at *11 (D. Md. Sept. 20, 2011) (observing that a cause of action may exist if a complainant seeks to enforce a TTP with a lender, which exists separate and apart from HAMP). Accordingly, Sheard's Complaint must be dismissed. *See Ramos*, 2012 WL 261308, at *3 (dismissing with prejudice the exact same claims against a defendant lender).

**B.**

But there is more. Even if some of the Counts could be construed as seeking to enforce causes of action independent of HAMP, Sheard fails to properly allege the elements of any of her claims, and the Court must dismiss Counts II, IV, V, VII, VIII, IX, X and XI.[3]

Counts II (Unfair and Deceptive Trade Practices) and VII (Violation of the Maryland Consumer Protections Act) of the Complaint allege fraud on the part of BOA. To the extent that Sheard seeks to bring these claims under the Maryland Consumer Protection Act ("MCPA"), Md. Code. Ann. Com. Law § 13-301 *et seq.*, they fail as a matter of law. To properly allege a claim under the MCPA, Sheard must point to an agreement between herself and BOA separate and apart from HAMP. *See Akinkoye v. Wells Fargo Home Mortg., et al.*, No. DKC 11-2336,

---

[3] Counts I ("Civil Conspiracy to Defraud"), III ("Aiding and Abetting Fraud"), and VI ("Civil Conspiracy") cannot be brought as independent causes of action. Neither conspiracy nor aiding and abetting are actionable without an underlying tort, and because Sheard cannot state a claim for fraud, *see infra.*, these Counts must be dismissed.

2011 WL 6180210, at *4-5 (D. Md. Dec. 12, 2011). Yet Sheard never claims that she entered into a TPP agreement or other contract with BOA; nor does she contend that BOA even offered to enroll her in a TPP.

More generally, Sheard's fraud allegations are subject to the heightened pleading standards of Fed. R. Civ. P. 9(b) and must state the "time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999) (internal quotation marks and citation omitted). Sheard fails to plead her fraud claims in accordance with this heightened standard. At most, Sheard maintains that BOA employed various tactics to frustrate the submission of her HAMP application. But it is not enough for Sheard to assert that a lender failed to properly consider the information she submitted. *See, e.g.*, *Adams v. U.S. Bank*, No. 10-10567, 2010 WL 2670702, at *4 (E.D. Mich. July 1, 2010) (allegation that lender lost or destroyed borrower's application for loan modification is insufficient to state a claim for fraud). The Complaint lacks the requisite specificity and never identifies what BOA "obtained" through its course of conduct.

In Count V (Unjust Enrichment), Sheard suggests that BOA was unjustly enriched by the initial mortgage loan signed in May 2007. Her allegations about the unfairness of the adjustable rate provisions are not actionable because a claim for unjust enrichment will not lie when the subject matter of the claim is covered by an express contract between the parties. *Ramos*, 2012 WL 261308, at *6 (citing *Janusz v. Gilliam*, 947 A.2d 560, 567 (Md. 2008). The mortgage loan contract executed in the spring of 2007 defined the parties' obligations, including the applicable interest rate, and therefore Court V must be dismissed.[4]

---

[4] To the extent Sheard alleges in Count V that BOA was unjustly enriched by *offering* her a loan modification—a claim at odds with her basic contention that BOA repeatedly refused to offer her a modification—that claim also

Counts VIII, IX, and X do not state cognizable claims. With respect to Count VIII (Commercial Loan Servicer Violations of Suppression), there is no private right of action in Maryland or the federal system for that claim. *See Ramos v. Bank of America, N.A., et al.*, No. DKC 11–3022, 2012 WL 1999867, at *6 (D. Md. June 4, 2012). Count IX (Breach of Duty, Care and Trust) also fails because in a claim for money damages "an alleged breach of fiduciary duty may give rise to a cause of action, but it does not, standing alone, constitute a cause of action." *George Wasserman & Janice Wasserman Goldstein Family LLC v. Kay, et al.*, 14 A.3d 1193, 1219 (Md. Ct. Spec. App. 2011). Since Sheard attempts to bring Count IX as a stand-alone cause of action, it cannot provide an avenue for relief. As to Count X (Breach of Good Faith and Fair Dealing), "no independent cause of action at law exists in Maryland for breach of the implied duty of good faith and fair dealing." *Mount Vernon Props., LLC v. Branch Banking & Trust Co.*, 907 A.2d 373, 382 (Md. Ct. Spec. App. 2006).

Assuming Count XI (Mental Anguish, Emotional Distress and Psychological Trauma Resulting in PTSD) seeks recovery for intentional infliction of emotional distress, Sheard fails to state a viable claim. To recover for this tort under Maryland law, a plaintiff must allege facts showing that defendants' conduct was: (1) intentional or reckless, (2) extreme and outrageous, (3) causally connected to her emotional distress, and (4) the distress was severe. *Baltimore-Clark v. Kinko's Inc.*, 270 F. Supp. 2d 695, 701 (D. Md. 2003) (citing *Harris v. Jones*, 380 A.2d 611, 614 (Md. 1977)). Sheard does not allege facts sufficient to establish that BOA's conduct was "extreme or outrageous," nor does she demonstrate how her suffering was severe. *Cf. Asafo-Adjei v. First Sav. Mortg. Corp.*, No. RWT 09cv2184, 2010 WL 730365, at *5 (D. Md. Feb. 25, 2010) (noting that the court "cannot imagine *any* set of facts surrounding a mortgage

---

fails. A claim of unjust enrichment requires Sheard to establish that she conferred a benefit on BOA. *Benson v. States*, 887 A.2d 525, 546 (Md. 2005). She cannot show that she has conferred any "benefit" upon BOA because she stopped making mortgage payments in 2009, months before she even sought a loan modification.

transaction that would support an inference of extreme and outrageous conduct"). Sheard only provides the Court with a simple timeline of events leading up to the filing of this suit. That falls well short of the required showing.

### IV.

For the foregoing reasons, the Court **GRANTS** BOA's Motion to Dismiss [Paper No. 6] as to all Counts. Final Judgment will be entered in favor of Defendants and against Plaintiff.

A separate Order will **ISSUE**.

                                                                  /s/              

                                                     **PETER J. MESSITTE**

**July 23, 2012**                                       **UNITED STATES DISTRICT JUDGE**